UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE L. HILL,

    Plaintiff,

vs.                                                                                                  Case No. 14-11463

LIBERTY INSURANCE CORPORATION,                                     HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 10)**

    This is an insurance contract dispute. Denise Hill (Plaintiff) is suing Liberty Insurance Corporation (Defendant) for insurance coverage relating to property damage caused by water in the basement of her home.

    Now before the Court is Defendant's Motion for Summary Judgment (Doc. 10). For the following reasons, Defendant's Motion is GRANTED.

## II. BACKGROUND

### A.

    The following facts are not in dispute. On or about February 24, 2012, Defendant issued a HomeProtector Plus homeowner's policy covering Plaintiff's home and personal property. On February 24, 2013, Defendant renewed the policy for the period through February 24, 2014.

    On February 28, 2013, Plaintiff submitted an insurance claim to Defendant for water

damage sustained to her basement and its contents. Plaintiff admits that she cannot establish with certainty the precise day or time that the water entered the basement. (Doc. 10, Ex. D at 10-11). Plaintiff states that there were "four inches of standing water backup in her basement resulting from a blocked drain." (Doc. 10, Ex. B). After discovering the water Plaintiff hired a licensed plumber who snaked a drain. This allowed the water to flow freely out of the basement.

Defendant denied Plaintiff's claim on the basis that there was no coverage under the policy, citing the Water Damage Exclusion. In addition, Defendant now argues that Plaintiff cannot establish that the damage occurred within the effective policy period.

**B.**

There are two relevant portions of the policy, relating to (1) the Water Damage Exclusion and (2) the effective Policy Period. These portions provide as follows:

**SECTION I – EXCLUSIONS**

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

\* \* \*

    c. Water Damage, meaning:

        (1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

        (2) Water which backs up through sewers or drains or which overflows from a sump; or

        (3) Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

\* \* \*

### SECTIONS I AND II – CONDITIONS

> 2. Policy Period. This policy applies only to loss in Section I or "bodily injury" or "property damage" in Section II, which occurs during the policy period.

Defendant argues that Plaintiff's claim should be denied because (1) Plaintiff cannot establish that the water intrusion and corresponding property damage occurred after the inception of the homeowner's policy on February 24, 2012, and (2) the Water Damage Exclusion precludes coverage for the damages claimed. Because the question of the Water Damage Exclusion is dispositive, the Court does not discuss arguments relating to the covered Policy Period.[1]

### III. ANALYSIS

#### A. Standard of Review

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

---

[1] On the issue of the Policy Period, Defendant argues that because Plaintiff cannot establish with certainty the day that the water entered the basement, Plaintiff fails to satisfy her burden of proving that the water entered within the effective policy period. However, Defendant concedes that the policy coverage began on February 24, 2012, and was renewed for another year on February 24, 2013. Defendant therefore argues that it is, at least, plausible that the water entered the basement prior to February 24, 2012, and that Plaintiff had not entered the basement—thereby discovering the standing water—in over a year. Although Plaintiff cannot state with certainty the last time she had been it the basement, Plaintiff testified that she kept a washing machine there. It is not a plausible or defendable position that Plaintiff had not been in her own basement—or used her washing machine—in over a year.

3

(1986).

To prevail, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. *See Moore v. Philip Morris Co.*, 8 F.3d 335, 340 (6th Cir. 1993); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The Court "must view the evidence in the light most favorable to the non-moving party." *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 101 (6th Cir. 1995). The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.*, 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 251-52). Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001).

## B. Discussion

Relying on the language of the policy, Defendant argues that Plaintiff's claim must be denied because there is no question of material fact that the damage in the basement was caused by "water which backs up through sewers or drains," "regardless of any other cause or event contributing concurrently or in any sequence to the loss." Defendant's argument is persuasive.[2]

---

[2] As a threshold matter, Plaintiff argues that Defendant Motion for Summary Judgment should be denied because Defendant failed to comply with E.D. Mich. Local Rule 7.1, which requires a movant to ascertain whether the contemplated motion will be opposed. Plaintiff states that because Defendant merely send an e-mail message at 10:00 PM the night before filing its Motion with "no attempt to confer . . . or to determine if the e-mail message had been received and reviewed," Defendant failed to make a

**1.**

Under Michigan law, the rules of insurance policy interpretation "are the same as for any other written contract." *Comerica Bank v. Lexington Ins. Co.*, 3 F.3d 939, 942 (6th Cir. 1993). "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties. To this rule all others are subordinate." *City of Grosse Point Park v. Michigan Municipal Liab. & Prop. Pool*, 473 Mich. 188, 197 (2005) (quoting *McIntosh v. Groomes*, 227 Mich. 215, 218 (1924)). An insurance policy must be enforced in accordance with its clear and unambiguous terms, and a court should "not hold an insurance company liable for a risk it did not assume." *Frankenmuth Mut. Ins. Co. v. Masters*, 460 Mich. 105, 111 (1999). Although ambiguities will be construed in favor of the insured, a court should "not create ambiguity where the terms of the contract are clear." *Id.* Furthermore, "[c]lear and specific exclusions must be given effect." *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 457 (6th Cir. 2003) (quoting *Pac. Employers Ins. Co. v. Mich. Mut. Ins. Co.*, 452 Mich. 218 (1996)).

**2.**

Plaintiff conceded numerous times that the source of the water that damaged the contents of her basement originated at the basement drain. The Complaint states that the damage was caused by "four inches of standing water backup in her basement resulting

---

good-faith effort to obtain concurrence. However, as noted by Defendant, an e-mail seeking concurrence complies with L.R. 7.1. *See Ormsby v. LTF Fitness Operations Co.*, 2014 WL 4064720, at *6 (E.D. Mich. Aug. 18, 2014) (holding that seeking concurrence with a motion for summary judgment via e-mail "conforms with the spirit of L.R. 7.1"). In addition, Plaintiff cites no authority suggesting that a motion for summary judgment should be denied because concurrence was sought either through e-mail or just before filing of the motion.

from a blocked drain." (Doc. 10, Ex. B at ¶ 11) In a sworn deposition Plaintiff testified as follows:

> Q. When you went into the basement, was there a broken pipe anywhere?
> A. No.
> Q. Had you been doing laundry that day?
> A. No.
> Q. Do you have a washer in the basement?
> A. Yes.
> Q. Was that overflowing?
> A. No.
>
> * * *
>
> Q. And you have testified that there wasn't a broken pipe, you hadn't been doing laundry, there is not a bathroom in the basement, so the only source of that water is through the drain, is that correct?
> A. I assume so.

(Doc. 10, Ex. D at 11-13)  In addition, Plaintiff's independent public adjuster testified as follows:

> A. . . . .  And just so that we will be clear, the water was considered dirty water also. And you will see that in the videos.
> Q. Why is that?
> A. Because it came up from the drain.  This was household debris. . . .

(Doc. 10, Ex. E at 40).  The public adjuster further testified that the standing water in the basement resulted from an accumulation of household debris, dirt, tree roots, and crock among other things—a blockage that prevented the water from exiting and caused it to pool and collect in the basement.  (Doc. 1, Ex. A at 89)

Under the policy, Exclusion 1.c(2) excludes coverage for "water which backs up through sewers or which overflows from a sump."  Therefore, Defendant argues that Plaintiff's claim fails because (1) a basement drain was the entry point of the water into the basement, and (2) the water that caused the damage backed up through the drain.

In response, Plaintiff argues that she is covered under other related provisions of the policy. Plaintiff relies on a section providing coverage in the case of "Collapse," which states, "We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused . . . by . . . Perils Insured Against." (Doc. 10, Ex. A at 11). These "Perils" include "[a]ccidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance." (Doc. 10, Ex. A at 13).

Plaintiff says that the damage was caused by a *collapse* of the pipe carrying waste water that ran from her home, rather than from its *backup*. She maintains that the pipe which collapsed is part of the structure of her home, and that the collapse concerned the "overflow of water . . . within a plumbing . . . system." Plaintiff further argues that courts have broadly defined the term "collapse," to encompass "the breakdown or compromise of a physical structure" or situations where a structural compromise was imminent. *Ososki v. St. Paul Surplus Lines*, 156 F. Supp. 2d 669, 678 (E.D. Mich. 2001) *aff'd sub nom. Ososki v. St. Paul Surplus Lines Ins. Co.*, 60 F. App'x 602 (6th Cir. 2003).

Plaintiff's arguments related to "collapse" fail for a number reasons. First, Plaintiff did not introduce this theory of recovery until her response brief. In support of her argument, Plaintiff says that the public adjuster determined her claim to be based on the "Collapse" provisions of the homeowner's policy. However, there is no evidence in the record indicating any structural compromise of the drain or the drain pipe; nor does Plaintiff point to any statement by the public adjuster, whose deposition and declarations mention nothing about a collapse. Instead, the public adjuster stated that the backup was caused by an accumulation of "household debris, dirt, tree roots and crock among other things."

7

14-11463 Hill v. Liberty Insurance Corp

(Doc. 12, Ex. 2 at ¶ 19) Nor would the public adjuster's interpretation of the homeowner's policy be in any way dispositive. In addition, Defendant points out that Plaintiff's reading of the "Collapse" provisions is incomplete, because it ignores language which later states, "Loss to . . . underground pipe . . . is not included . . . unless the loss is a direct result of the collapse *of a building*." (Doc. 10, Ex. A at 11) (emphasis added) Here, no building has collapsed.

Further, any such collapse would not have been "*caused by* . . . a discharge or overflow of water." Quite the opposite—Plaintiff argues that the collapse of her drain pipe *caused* the discharge or overflow of water into the basement. Finally, even if a collapse did cause the water backup, the policy states that damage caused by water that "backs up through sewers or drains" is excluded "*regardless of any other cause or event contributing concurrently or in any sequence to the loss*." Thus, the cause of any such backup is irrelevant. *See Sunshine Motors, Inc. v. New Hampshire Ins. Co.*, 209 Mich. App. 58, 60 (1995) (under identical policy language, holding that the cause of a backup, whether direct or proximate, is of no consequence to the denial of the plaintiff's claim).

As a last resort, Plaintiff argues that the policy provisions include ambiguous terms, which are "reasonably and fairly susceptible to multiple understandings and meanings," and should therefore be construed against the Defendant. There is no ambiguity in the terms of the policy. The Court cannot "create ambiguity where the terms of the contract are clear." *Frankenmuth*, 460 Mich. at 111.

### IV. CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment has been

8

14-11463 Hill v. Liberty Insurance Corp

granted. This case is DISMISSED.

       SO ORDERED.

                                    S/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

Dated: November 7, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 7, 2014, by electronic and/or ordinary mail.

                                    S/Sakne Chami
                                    Case Manager, (313) 234-5160